**Joseph MANGUNJAYA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4377.

United States Court of Appeals, Second Circuit.

Feb. 18, 2005.

Sunit K. Joshi, New York, NY, for Petitioner.

Danielle Gentin Stock, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Kathy S. Marks, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: MCLAUGHLIN, HALL, and GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, Judge of the United States Court of Appeals for the Eighth

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Board of Immigration Appeals be and it hereby is **AFFIRMED** and the petition is **DENIED.**

Petitioner Joseph Mangunjaya seeks review of a July 16, 2002 order of the Board of Immigration Appeals ("BIA") affirming without opinion a January 26, 1998 decision by an immigration judge ("IJ") that denied Mangunjaya's application for asylum and withholding of deportation. The IJ found incredible Mangunjaya's testimony about his past persecution and fear of future persecution. Familiarity with the facts and proceedings below is assumed.

When the BIA affirms without opinion the IJ's decision, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We accord the IJ's factual findings deference so long as they are supported by "substantial evidence." *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Credibility findings are afforded "particular deference" in applying the substantial evidence standard. *Id.* The IJ must provide "specific, cogent" reasons for her finding regarding credibility, and those reasons must bear a "legitimate nexus" to that finding. *Id.* at 74. To challenge the IJ's adverse credibility finding successfully, a petitioner must "demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

After careful review of this petition, we find that substantial evidence supports the IJ's credibility finding. Mangunjaya declined to seek asylum on a 1990 visit to the

Circuit, sitting by designation.

U.S. In 1993, after changing his name so he could obtain another visa, he returned to the U.S. In 1994, he submitted an asylum application, claiming he was persecuted as a member of the East Timor political party. He later disavowed that application in a hearing before an asylum officer and admitted that he submitted the application, in part, because of the economic opportunities in the Untied States. At that hearing, he did not mention mistreatment in Indonesia. He claimed to have signed a blank form, with no knowledge of its purpose, despite his university education and the IJ's observation that Mangunjaya appears to be "fluent in the English language." Finally, only a few weeks before his hearing in front of the IJ, Mangunjaya submitted a statement alleging in a vague and general way that, as a Christian and ethnic Chinese person, he feared returning to Indonesia. At the hearing, the IJ noted that Mangunjaya's testimony became "much more detailed" with facts not included in the statement he submitted. The IJ believed petitioner's testimony in court was "exaggerated" and that he was "overstating and perhaps fabricating events in Indonesia."

We have reviewed Mangunjaya's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is denied.